The opinion of the court was delivered by
Spenoer, J.
This case was before us last year, and is reported at page 506, 29 An., where the objects and purposes of the suit are fully stated, and need not be here repeated. The case was then remanded, and is now before us after having been tried, resulting in a judgment for plaintiff, from which this appeal is taken.
The evidence shows that Tertrou is the holder of two special mortgages on the property sold, to wit: that in favor of LeBlanc, for $2816, and that in his own favor for about $16,879 60. These are the first special, and, so far as appears, the only special mortgages, on the property. At the probate sale of the succession of Charles Durand, Jr., certain lots (described by plaintiff) of the property subject to his mortgages were adjudicated to Tertrou for $10,134. The sheriff and C. C. Durand, administrator, demanded of him, eo instanti, the full amount of his bid, in cash. He claimed the right, as first special mortgage creditor, to retain the amount of his bid until the final liquidation and settlement of the estaté, upon giving security for such amount as might be fixed as preferred to him. The sheriff, thereupon, at once re-offered the property, without delay, and the same was purchased by C. O. Durand, the administrator, and John Durand, heirs of the deceased, for the sum of $2200. Under-the view we have taken, this second adjudication is void. Tertrou was entitled to retain the amount of his bid until the amount of claims preferred to his, and exigible out of the property, was ascertained. There is a large amount of property which has not been sold, and which jnay, perhaps, suffice to satisfy all antecedent privileges and general mortgages. The defendants have pleaded the prescription of five years against the Tertrou claim. It is admitted that Tertrou, in July, 1872, •took executory process.on his notes and mortgage, which was duly *1109 •«erved on the administrator. This process was enjoined, and it is said that Tertrou voluntarily dismissed and abandoned it. We find that the' •order o£ dismissal of date May 29,1877, was rendered on motion of O. O. Durand, administrator, and not on motion of Tertrou. This executory proceeding and the injunction during its pendency interrupted pre■scription, and it began to run ele novo only from that date. The plea of prescription is, therefore, not sustained.
We think the judgment appealed from is correct, except that it •should have fixed the amount and conditions of ihe bond to be given 'by Tertrou. It should be amended in that respect.
It is therefore ordered, adjudged, and decreed that the judgment ■appealed from be amended, as follows: that before the sheriff delivers 'the deed and possession of said lands to Tertrou, and. as condition precedent thereto, the said Tertrou shall execute, with good and sufficient ■security, in favor of the administrator of estate Charles Durand, Jr., liis bond in the sum of seven thousand five hundred dollars, conditioned that he will pay and satisfy such sums as may be fixed and ascertained on settlement of said estate to be payable by preference to him out of the proceeds of the lands so purchased by him up to the amount •of his bid, said bond to be approved by the parish judge of the parish ■of St. Martin.
It is further ordered that, as thus amended, said judgment be affirmed. The costs of appeal to be paid by appellee.